UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW CHIEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DENIS BRAND MORRIS and MARA L. RANSOM,<br><br>　　　　Defendants. | Civil Action No. 19-3101 (CKK) |

MEMORANDUM OPINION
(November 12, 2021)

Now pending before the Court is Plaintiff's [37] "Motion for Reconsideration due to Rule 59(e)" (the "Motion for Reconsideration"). For the reasons set forth herein, the Court will **DENY** Plaintiff's Motion for Reconsideration.

\*\*\*\*

On February 15, 2021, the Court issued a Memorandum Opinion and Order, which the Court incorporates here in its entirety. *See* Mem. Op. & Order, ECF No. 33, at 1–13. That Memorandum Opinion and Order dismissed Plaintiff's above-captioned civil action with prejudice. *Id.* at 13. Specifically, the Court found that the doctrine of *res judicata* barred Plaintiff's claims, given the preclusive effect of a prior judgment rendered against Plaintiff in *Chien v. Ransom, et al.*, 17-cv-2334 ("*Chien I*"). Mem. Op. & Order, ECF No. 33, at 10–13. Additionally, in its February 15 Memorandum Opinion and Order, the Court denied Plaintiff's request for recusal, as well as his request for limited discovery and to strike a declaration submitted by the government in this case. *See id.* at 13. Plaintiff now moves for reconsideration of these rulings under Federal Rule of Civil Procedure 59(e). *See* Pl.'s Mot., ECF No. 37, at 1.

Rule 59(e) permits a party to file a motion to alter or amend a judgment within twenty-eight days of the entry of that judgment. Fed. R. Civ. P. 59(e). Motions under Rule

1

59(e), however, are "disfavored," and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed.1995)).

Plaintiff has not satisfied the standard applicable to requests for reconsideration under Rule 59(e). Upon review of Plaintiff's [37] Motion for Reconsideration and the full record in this case, the Court finds that Plaintiff's motion merely restates arguments previously made or expresses his general disagreement with this Court's dismissal order. In particular, Plaintiff uses his motion to relitigate his business dispute with Richard Freer, as well as his conspiracy-based allegations against the SEC. *See, e.g.*, Pl.'s Mot., ECF No 37, at 1–7. None of these arguments provide a proper basis for reconsideration under Rule 59(e). *See Walsh v. Hagee*, 316 F.R.D. 1, 2 (D.D.C. 2014) (rejecting movant's attempt to "reiterate[] arguments that he raised . . . in the briefing for the motions to dismiss"). Furthermore, the Court finds that any new arguments Plaintiff presents in this motion should have been raised in earlier briefing and cannot now be offered for the first time to justify reconsideration under Rule 59(e). *See Rivera v. JPMorgan Chase Bank, N.A.*, 312

F.R.D. 216, 219 (D.D.C. 2015) ("Rule 59(e) does not provide a vehicle ' . . . to raise new arguments . . . that could have been raised prior to the entry of judgment.'") (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Lastly, Plaintiff has not pointed to an "intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Arunachalam v. Int'l Bus. Machines Corp.*, No. 1:20-CV-02362 (UNA), 2021 WL 3025221, at *1 (D.D.C. Mar. 26, 2021) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Instead, Plaintiff uses his motion as an opportunity to raise old arguments, as discussed *supra*, and to express his general disagreement with the Court's disposition of this case. *See, e.g.*, Pl.'s Mot., ECF No. 37, at 11–13 (relitigating disputes regarding *res judicata* and government substitution).  Absent any clear exposition regarding intervening changes in the law, new evidence, or a clear legal error, Plaintiff's recycled arguments and generalized disagreements with the Court do not merit reconsideration under Rule 59(e).  *See Liberty Prop. Tr. v. Republic Properties Corp.*, 570 F. Supp. 2d 95, 98–102 (D.D.C. 2008) (denying Rule 59(e) motion where movant failed to show clear error or any "new" case law).

For the reasons set forth above, the Court finds that Plaintiff has not carried his burden of obtaining the "disfavored" and "extraordinary" relief of Rule 59(e) reconsideration. *Niedermeier*, 153 F. Supp. 2d at 28.  As such, and in an exercise of its discretion, the Court will **DENY** Plaintiff's [37] Motion for Reconsideration.

**Dated**: November 12, 2021

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge